THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: February 25, 2016

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In RE:

Karen Johnson-Kamwanga,　　　　　　　　　Case No. 14-34211-GMH

　　　　Debtor.　　　　　　　　　　　　　　Chapter 13

**ORDER DENYING DEBTOR'S MOTION TO VACATE DISMISSAL ORDER**

　　　　On December 23, 2015, the court dismissed the debtor's case for failure to make payments and failure to remit one-half of any net tax refunds to the trustee. CM-ECF Doc. No. 35. On February 17, 2016, the debtor filed a motion to vacate the dismissal order. CM-ECF Doc. No. 37.

　　　　Relief from a dismissal order is governed by Fed. R. Bankr. P. 9024 (which incorporates Fed. R. Civ. P. 60(b)). See *In re Dorff*, 480 B.R. 919, 921 (Bankr. E.D. Wis. 2012). Under Rule 60(b) relief is limited to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged or is based on an earlier judgment that has been reversed or vacated; or (6)

any other reason that justifies relief. Relief under Rule 60(b) is an extraordinary remedy especially when the motion invokes Rule 60(b)(6)'s "catch-all provision". *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 682 (7th Cir. 1983); see also *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). Furthermore, "[a] motion under Rule 60(b) must be made *within a reasonable time*". Fed. R. Civ. P. 60(c) (emphasis added).

The debtor's motion seeks relief under Rule 60(b)(6) for "any other reason that justifies relief". CM-ECF Doc. No. 37 at 2. The debtor's sole basis for vacating the dismissal order is that she "seeks to spare the expense and burden of refiling a new bankruptcy petition". *Id*. To be clear, she does not contest that the court properly dismissed the case or that her failure to perform under the plan was the result of excusable neglect. Her failure to perform under her confirmed plan had the consequence directed by 11 U.S.C. §1307(c)(6). She states no cause to vacate the order.

She also failed to move for relief from the dismissal order "within a reasonable time". See Fed. R. Civ. P. 60(c)(1). The debtor's case has been closed for about two months. The court gave creditors notice of the dismissal. They were entitled to rely on the dismissal's termination of the automatic stay in their pursuit of collection.

Accordingly, for these independently adequate reasons,

**IT IS ORDERED** that the debtor's motion to vacate the dismissal order and reinstate her case is DENIED.

#####